**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

MEGAN VARNELL                                                                    PLAINTIFF

v.                                              4:25-cv-00552-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Megan Varnell, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 26-38.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only thirty-seven years old. (Tr. 50.) She is a high school graduate and attended some college. (*Id*.) She has no past relevant work. (Tr. 37.)

The ALJ[1] found Ms. Varnell has not engaged in substantial gainful activity since the period from her alleged onset date of July 10, 2018, through the date she was last insured on March 31, 2019. (Tr. 28.) She has "severe" impairments in the form of "rheumatoid arthritis; migraines; hypertension; attention deficit hyperactivity disorder; major depressive disorder; and generalized

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

anxiety disorder." (Tr. 29.)  The ALJ further found Ms. Varnell did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 30-32.)

The ALJ determined Ms. Varnell had the residual functional capacity (RFC) to perform a reduced range of light work.  (Tr. 32.)  Because Plaintiff had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 73-76.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of bakery worker, assembly worker, and poultry dresser - despite her limitations.  (Tr. 37-38.)  Accordingly, the ALJ determined Ms. Varnell was not disabled.  (Tr. 38.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 14-18.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

Ms. Varnell has a somewhat lengthy history of mental health treatment.  The issues she raises are mainly whether she has the mental ability to engage in the workforce.

In support of her Complaint, Ms. Varnell argues that the ALJ rendered his decision without relying on medical opinions to assist him in assessing her work limitations due to her multiple impairments.  (Doc. No. 9 at 10-16.)  She says, "The lack of any medical interpretation of Plaintiff's mental impairments whatsoever can mean only one thing: the ALJ impermissibly drew his own inferences about Plaintiff's functional ability from his lay interpretation of the medical reports. This type of lay evaluation of mental health evidence is prohibited."  (*Id.* at 11.)

The Commissioner responds:

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

The Eighth Circuit has squarely and repeatedly rejected this line of argument, explaining in plain terms that "there is no requirement that an RFC finding be supported by a specific medical opinion." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022); *accord Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019); *Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 987 (8th Cir. 2018); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). This is because "the RFC is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020). Thus, it is the task of the ALJ—not a medical professional—to "determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt*, 27 F.4th at 1360); see 20 C.F.R. §§ 404.1545(a), 416.945(a). Accordingly, the Court "will not disturb an ALJ's RFC finding so long as it is supported by 'substantial evidence in the record as a whole.'" *Austin*, 52 F.4th at 730 (quoting *Schmitt*, 27 F.4th at 1361).

(Doc. No. 12 at 4-5.)

I have carefully considered Plaintiff's argument and the Commissioner's response. I find the Commissioner's response to be highly persuasive. I agree that the Eighth Circuit has already decided this issue favorably to the ALJ.

As Plaintiff points out, "The record in this case is voluminous." (Doc. No. 9 at 12.) Given the voluminous record, the ALJ had the ability to sift through the more than four thousand pages and make a comprehensive determination.

Moreover, I note that Plaintiff has cited to no medical provider that undercuts the ALJ's determination that Plaintiff is unable to "understand, remember, and carry out simple, but not complex, instructions" while performing light work. (Tr. 32.) Plaintiff cites to various parts in the record where "she reported feeling 'miserable' and 'not doing much,' mostly staying home in her apartment, feeling exhausted all the time, and being unable to work due to chronic pain that exacerbated her mental health symptoms. (Tr. 1796, 1843, 1851)." (Doc. No. 9 at 13.) But while Plaintiff made these subjective complaints to her doctors, objective examinations revealed nothing to support a claim of disability. (Tr. 1798, 1844.) And it appears that the ALJ focused on the

4

objective findings over Plaintiff's subjective allegations.  (Tr. 34-36.)  As the ALJ noted in his

opinion:

> In August of 2019, while at Southeast Arkansas Behavioral Healthcare, the
> claimant was cooperative, and her appearance was appropriate (Ex. 23F/112). The
> claimant's eye contact was good, and her speech was clear and coherent (Ex.
> 23F/112). The claimant described her mood as "good", and her affect was
> responsive (Ex. 23F/112). The claimant's thought processes were logical, and she
> was negative for delusions and hallucinations (Ex. 23F/112). The claimant's
> concentration was grossly intact (Ex. 23F/112). The claimant's memory was intact,
> and her fund of knowledge was adequate (Ex. 23F/112). The claimant was alert and
> oriented, and she denied having a history of suicidal thoughts (Ex. 23F/112). The
> claimant's impulse control, insight, and judgment were all described as grossly
> intact (Ex. 23F/112).

 (Tr. 35.)

So given the Eight Circuit authority and the objective evidence the ALJ relied upon, I find

no reversible error here.  His decision is supported by substantial evidence.

Plaintiff also argues that the ALJ incorrectly evaluated her subjective symptoms.  (Doc.

No. 9 at 16-20.)  The ALJ analyzed Ms. Varnell's subjective symptoms considering Social Security

Ruling 16-3p.  (Tr. 32-36.)  That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.

1984), which states:

> The absence of an objective medical basis which supports the degree of severity of
> subjective complaints alleged is just one factor to be considered in evaluating the
> credibility of the testimony and complaints.   The adjudicator must give full
> consideration to all of the evidence presented relating to subjective complaints,
> including the claimant's prior work record, and observations by third parties and
> treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.    Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Varnell's subjective complaints.  In doing so, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> Turning to the medical evidence, the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than the above listed residual functional capacity. The undersigned notes that it is the claimant's responsibility to put forth evidence showing she had an impairment and how severe it is during the period she alleges disability (20 CFR 404.1512 and 416.912). The Administrative Law Judge has the authority to make a determination that the claimant's impairments are not incapacitating to the extent alleged.  Although the subjective element of incapacity is an important consideration in determining disability, the Administrative Law Judge has discretion to evaluate the claimant's statements and to arrive at an independent judgment, in light of medical findings and evidence regarding the true extent of the incapacity alleged by the claimant. The issue of the value of the claimant's statements in this case cannot be discussed analytically in absolute terms but must be measured by degree. The claimant testified, and understandably may honestly believe that her impairments are disabling. However, it is the duty of the undersigned to accurately determine the degree of her impairments based upon the totality of all of the other evidence of record. The undersigned has evaluated the claimant's subjective complaints and other allegations in accordance with 20 CFR 404.1529 and 416.929; and SSR 16-3p. The claimant's statements about the intensity, persistence, and limiting effects of symptoms are not entirely consistent with the objective medical evidence and the other evidence of record.

(Tr. 34.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.  And being mindful of the "substantial evidence" test in these cases, the record

contains adequate objective medical evidence to support the ALJ's determination here. *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016).

While not specifically referred to in the ALJ's decision, at least some of Plaintiff's doctors did not find any basis for her inability to work. These providers stated, on several occasions, "she needs to be strong enough to go and seek a job that she cannot stay at home without working with the excuse of headaches." (Tr. 378, 532, 536, 540, 543, 546, 643, 940.) Realizing these were from records in 2018, this still undercuts her subjective allegations.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Varnell's counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 19th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE